## APPEAL OF CLEVELAND AND MAHONING VALLEY RAILWAY COMPANY.

Docket No. 3692.        Decided September 25, 1926.

AFFILIATION.—Petitioner held not affiliated with a company which owned all the capital stock of a third company to which the petitioner leased its property under a long-term lease.

*L. L. Hamby, Esq.,* for the petitioner.
*P. J. Rose, Esq.,* for the Commissioner.

This is an appeal from the determination of deficiencies in income and profits taxes for the calendar years 1918 and 1919 in the respective amounts of $758.94 and $292.66, a total of $1,051.60. The petitioner claims (1) that it is affiliated with the Erie Railroad Co.; (2) that the Commissioner may not reverse a decision of his predecessor in office; (3) that it is entitled to have its tax computed under the provisions of section 328 of the Revenue Act of 1918.

FINDINGS OF FACT.

The petitioner is an Ohio corporation with its principal offices at Cleveland.

By an agreement dated March 9, 1917, the petitioner leased all of its property, real, personal, and mixed, with the exception of its franchise, to the Nypano Railroad Co. for a term of 999 years, at an annual rental of $550,967.38, the lessee to pay all taxes, duties, and assessments that may be levied against the property, the receipts, the business, or the petitioner. The petitioner however reserves the right to pay any such taxes, duties, or assessments in the event of failure of the lessee to do so, subject to being reimbursed by the lessee. The lessee is given complete control of the management, operation, and use of the leased premises, the right to determine rates of toll and charges for transportation and to make collection thereof and appropriate the receipts to its own use. The petitioner agrees, upon the written request of the lessee, to acquire at the expense of the lessee any additional rights of way or other property that may be necessary or convenient for the conduct of the business, such property, and all other property acquired by the petitioner, to become

subject to the lease. The lessee agrees to assume all the obligations imposed by law on the petitioner as to erection of fences, grade crossings and similar items; to assume and perform the petitioner's obligations under contracts theretofore made by the petitioner for transportation of freight or passengers; and to indemnify and save harmless the petitioner from all claims and liabilities arising out of the operation of the leased railroads or use of other leased property.

The lessor has the right to issue preferred stock to an amount not in excess of seven-eighths of its authorized common stock, such preferred stock to bear dividends at such rate as may be determined by the lessee, but not to exceed 5 per cent, and to be without voting power unless it may be legally impossible or agreed by the parties to be inadvisable to issue it without voting power. The proceeds of such issue of preferred stock are to be used only for the elimination of grade crossings or for improvements or additions to the leased property. The issuance and sale of the preferred stock is to be at the expense of the lessee and the lessee is to pay as additional rental an amount equal to the dividends payable on such stock or it may at its option, in lieu of such additional rental, pay the dividends direct to the holders of the stock.

The petitioner is to maintain its corporate existence during the continuance of the agreement and to do all things necessary for the maintenance of its existence and any extension or renewal thereof, and for the preservation and protection of the leased property.

The lessor has the right of repossession of the leased premises in the event of the continuance for 60 days of a default by the lessee in the performance of covenants of the lease.

The Erie Railroad Co. owns all of the stock of the Nypano Railroad Co., but owns none of the stock of the petitioner. The stockholders of the petitioner are different from the stockholders of the Erie Railroad Co. and different from the stockholders of the Nypano Railroad Co.

### OPINION.

ARUNDELL: The petitioner seeks affiliation with the Erie Railroad Co., not on the basis of stock ownership, but on the grounds (1) that the Erie Railroad Co. controls through closely affiliated interests, or by a nominee or nominees, substantially all of the petitioner's stock, and (2) that substantially all of the stock of the petitioner is controlled by the same interests, namely, the Erie Railroad Co.

The Erie Railroad owns all the stock of the Nypano Railroad, and the Nypano controls by means of a long-term lease all the property, excepting the franchise, of the petitioner. The Erie owns none of

50144°—27——69

the petitioner's stock and the stockholders of the petitioner are different from those of the Erie and the Nypano.

We are not asked to determine whether there was a statutory affiliation between the Erie and Nypano companies. Assuming however for the purpose of discussion, that these two companies were affiliated, their control or the control of either of them over the property of the petitioner by virtue of the lease alone would not result in affiliation with the petitioner. *Appeals of Old Colony Railroad Co.*, 1 B. T. A. 1067; *Norwich & Worcester Railroad Co.*, 2 B. T. A. 215; *Tunnel Railroad of St. Louis*, 4 B. T. A. 596.

The petitioner says that control, within the meaning of the statute, is in the hands of the Erie Railroad by reason of the terms of the lease which impose limitations on its invested capital, its issuance of stock, its income, its expenditures for improvements, and its power of dissolution. These limitations on the acts of the petitioner perhaps do place a great measure of control over the petitioner in the hands of the Erie Railroad, but such control at most is a control over the property and business of the petitioner and does not constitute control of the stock. It is apparent that under the terms of the lease the petitioner is limited in the scope of its actions and it follows that to the extent of such limitation the stockholders are divested of the control which is ordinarily in the hands of the stockholders. Such control, however, is but a partial control and in our opinion does not meet the requirements of the statute. It will be noted that the words " controls " and " controlled " as used in section 240(b) of the Revenue Act of 1918 are not in any manner limited or qualified. In the absence of any qualification these words must be taken to mean full and complete control.

The petitioner alleges that the notice of deficiency from which it appeals constitutes a reversal of the holding of a former Commissioner on the question of affiliation and contends that one Commissioner is without authority to reverse the decision of his predecessor in office. The Commissioner in his answer to the petition filed denies that the petitioner and the Erie Railroad Co. were formerly held to be affiliated. No proof on this issue was offered by the petitioner and in view of the Commissioner's denial we have no facts before us upon which to base a decision.

The petitioner also failed to offer any evidence in support of its claim for the computation of tax under section 328 of the Revenue Act of 1918, and we must accordingly approve the action of the Commissioner in this respect.

*Judgment for the Commissioner.*

STERNHAGEN dissents.